UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

**PERRY BURNS,**

   Petitioner,

 v.

**UNITED STATES,**

   Respondent.

Civ. No. 2:12-cv-03089 (WJM)

**OPINION**

**WILLIAM J. MARTINI, U.S.D.J.:**

  This matter comes before the Court on *pro se* Petitioner Perry Burns' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1]  There was no oral argument.  For the reasons stated below, the motion is **DENIED**.

 **I. FACTS AND PROCEEDINGS**

  On September 24, 2008, Petitioner and five other co-Defendants were charged in a one-count indictment with conspiracy to distribute cocaine and heroin, in violation of 21 U.S.C. §§ 846, 841(a)(1).  On October 15, 2008, Petitioner pled not guilty to the charge.

  On January 5, 2009, the Court held a hearing in which it was made unequivocally clear that based on Petitioner's prior criminal history, if he went to trial and was convicted, he would be subject to a 20-year mandatory minimum sentence pursuant to 21

---

[1] For purposes of this opinion, Petitioner's §2255 motion consists of his submission to the Court dated May 18, 2012 ("Pet'r Mot.") and his subsequent amendment dated July 10, 2012 ("Pet'r Am. Mot.").

U.S.C. § 841(b)(1)(A).  (Jan. 5, 2009 Hr'g Tr. 8, Gov't. Br., Ex. A, § 2255 Docket, ECF No. 4.)

At trial, Petitioner was represented by Marlon Kirton.  Petitioner's trial began on January 12, 2009.  During trial, the Government introduced a number of recorded conversations in which Petitioner and Edwin Cintron, an uncharged co-conspirator and Government-witness, discussed various heroin and cocaine sales and transactions.  The Government also introduced recorded conversations between Cintron and other charged co-defendants discussing similar drug transactions.  Thereafter Cintron testified in open court and explained the substance of those recorded conversations.  Mr. Cintron also testified that on at least one occasion Petitioner provided drugs to Cintron with the understanding that those drugs would go to a third-party buyer for resale.  (Jan. 23, 2009 Tr. 39, Crim. Docket, ECF No. 106.)

In addition, the Government introduced other evidence which did not directly implicate Petitioner, including the quantity of drugs seized from Petitioner's co-defendants and testimony about certain other actions of those individuals.

At present, it is useful to note that a substantial number of Petitioner's arguments in support of his § 2255 petition are premised on Petitioner's fundamentally incorrect assertion that the Government failed to prove the single conspiracy charged in the indictment.  To clarify, throughout his § 2255 petition, Petitioner repeatedly asserts that although the Government produced evidence suggesting that uncharged co-conspirator, Edwin Cintron: (1) entered into a conspiracy to distribute heroin and cocaine with Petitioner; and (2) separately entered into conspiracies with the five other co-defendants,

those proofs show only that Petitioner was engaged in one of multiple conspiracies.[2] As an initial matter, the question of whether a single conspiracy or multiple conspiracies exist is a question of fact for the jury. *United States v. Smith*, 789 F.2d 196, 200 (3d Cir. 1986). And in order for the jury to consider the issue, the Government is not required to prove that a defendant knew all the "details, goals, or other participants" involved in the conspiracy, just that he knew he was part of a larger operation. *United States v. Perez*, 280 F.3d 318, 347 (3d Cir. 2002). At trial, the Government more than satisfied that burden.

Thus, when Petitioner's trial counsel moved under Rule 29 for a judgment of acquittal at the close of the Government's case, based on his assertion that the Government failed to set forth sufficient proof of the single conspiracy charged in the indictment, the Court denied that motion. (Jan. 26, 2009 Tr. 54, Crim. Docket, ECF 102.) In denying that motion, the Court explained:

> "What I remember in terms of the evidence, and particularly the tapes and the conversations was, it was clear to me that the defendants, both knew that there were other people involved. They may not have known them by name, but in the conversations, there were several conversations with respect to each of them that they were referring to other people. And it was clear they that Mr. Cintron was not just acting alone, and that he was getting his drugs from someone . . . . So there was evidence here, if the jury believes, that would certainly enable them to believe that this conspiracy involved more people than just . . . Mr. Cintron and Mr. Burns.

(*Id*. at 62.) Thereafter, on January 27, 2009, the Court charged the jury, and, over the objection of defense counsel, incorporated Third Circuit Model Jury Instruction

---

[2] Petitioner often refers to this as a hub-and-spoke conspiracy.

3

6.18.371H – which explains the distinction between single and multiple conspiracies and the basis to convict a defendant of a single conspiracy charged in an indictment – into that charge. (*Id*. at 47.) The jury returned a verdict of guilty on the same day.

Thereafter, Petitioner retained Anna Cominsky to represent him at sentencing and on appeal. On April 10, 2010, Petitioner filed a motion for a new trial based on his assertion that he was previously not competent to stand trial. (May 17, 2010, Tr. 2, Crim. Docket, ECF No. 134.) On May 17, 2010, the Court denied that motion and sentenced Petitioner to the statutory minimum of 240 months in prison. (May 18, 2010 Order, Crim. Docket, ECF No. 129; May 17, 2010 Judgment, Crim. Docket, ECF No. 130.)

On May 26, 2010, Petitioner appealed his conviction to the Third Circuit. During the pendency of that appeal, Petitioner communicated with Ms. Cominsky, and specifically requested that she raise several different legal issues on appeal. (Pet'r Br. 8-15, § 2255 Docket, ECF No. 1-1.) After considering Petitioner's suggestions, Ms. Cominsky informed Petitioner that she would only pursue the issue of competency to stand trial because it had the greatest chance for success. (*Id*.) On June 16, 2011, the Third Circuit Court of Appeals affirmed Petitioner's conviction.

On May 18, 2012, Petitioner filed the present § 2255 motion.[3] Presently, Petitioner asserts that he is entitled to relief under § 2255 based on the following Grounds: (1) Ineffective Assistance of Trial and Appellate Counsel; (2) Insufficient Evidence to Support His Conviction; (3) Inadmissible Evidence Improperly Presented at Trial; (4) Impermissible Variance/Constructive Amendment to Indictment; (5) Improper

---

[3] On July 10, 2012, Petitioner amended his motion to include two additional grounds. (Pet'r Am. Mot. 1; ECF No. 5.)

Venue; (6) Deficient Jury Charge; (7) Improper Sentencing Disparity between Petitioner and Co-Defendants; (8) Criminal History Improperly Considered; and (9) Improper Use of FBI Agent as a Witness.  The Court will address each of these Grounds as appropriate.

## II.     DISCUSSION

A prisoner in federal custody may file a motion in the trial court challenging the validity of his sentence under 28 U.S.C. § 2255.  *Morelli v. United States*, 285 F.Supp.2d 454, 458 (D.N.J. 2003).  A petitioner may move to vacate, set aside, or correct a sentence on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  To establish a right to such relief, a petitioner must demonstrate "that the sentence suffers from a 'fundamental defect' causing 'a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.'"  *Morelli*, 285 F.Supp.2d at 458-59 (quoting *United States v. DeLuca*, 889 F.2d 503, 506 (3d Cir.1989)).  As such, a collateral attack under § 2255 is not a direct appeal of the sentence.  *United States v. Frady*, 456 152, 156 (1982).

### A.  Ground (1) - Ineffective Assistance of Counsel

In Ground (1), Petitioner asserts he received ineffective assistance of counsel, both at trial, and on appeal.  Claims of ineffective assistance of counsel are subject to collateral attack under § 2255.  *Massaro v. United States*, 538 U.S. 500, 505 (2003).  Therefore, the Court will address the assertions made by Petitioner in support of Ground

(1).  More precisely, Petitioner claims that his trial counsel was ineffective because he failed: (1) to adequately cross-examine Mr. Cintron; (2) to move for a directed verdict under Rule 29; (3) to object to otherwise inadmissible evidence; (4) to present potentially exculpatory phone conversations; and (5) to object to deficient jury instructions.  (Pet.'r Br. 3.)  Petitioner asserts that his appellate counsel was deficient because she failed to raise certain issues on appeal.

In order for Petitioner to prevail on any of his ineffective assistance of counsel claims, he must establish both: (1) that counsel's performance was deficient, meaning it was so objectively unreasonable as to fall outside the "wide range of professionally competent assistance"; and (2) that counsel's deficient performance prejudiced the defense, meaning that a "reasonable probability exists that but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 687-90.  This Court has discretion to dispose of a claim at either prong, as there is no required order to the *Strickland* inquiry.  *Strickland*, 466 U.S. at 697.

In addition, the Court wishes to note that the evidence presented against Petitioner in this matter was considerable, as it included numerous recorded conversations in which Petitioner and Cintron discussed illegal drug transactions.  And that in light of this substantial evidence, Petitioner's burden of proving that but-for counsel's unprofessional errors, the result of his criminal proceeding would have been different is an onerous one.  *United States v. Martin*, 262 Fed.Appx. 392, 396 (3d Cir. 2008).

### i. Trial Counsel's Failure to Adequately Cross-Examine a Witness

Petitioner first asserts that trial counsel was deficient based on his failure to "fully expound" on the inconsistencies in Mr. Cintron's testimony. (Pet'r Br. 5-6.) However, Petitioner does not set forth any specific instances showing how trial counsel's cross-examination of Cintron was inadequate or objectively unreasonable. Nor can Petitioner demonstrate prejudice as no amount of cross-examination could refute the inculpatory recordings of Cintron and Petitioner discussing drug transactions. *See Martin*, 262 Fed.Appx. at 398-99.

### ii. Trial Counsel's Failure to Object to Inadmissible Evidence

Petitioner also claims that trial counsel was ineffective because he failed to object to the admission of certain evidence which involved actions taken by co-defendants in which Petitioner did not directly participate. As explained earlier, Petitioner was charged with conspiring with those co-defendants to distribute heroin and cocaine. And acts done in furtherance of a conspiracy are admissible against other members of the conspiracy. Fed. R. Evid. 801(d)(2)(E). Thus, any objection to admission of that evidence would have been futile. Counsel's failure to make a motion that had no potential for success is not prejudicial to a defendant under *Strickland*. *Gov't of the Virgin Islands v. Weatherwas*, 77 F.3d 1425, 1433 (3d Cir. 1996).

### iii. Trial Counsel's Failure to Move for a Rule 29 Directed Verdict

Petitioner also claims that trial counsel failed to "at some point" move under Rule 29 for a directed verdict of not guilty based on what he asserts are the insufficient proofs of his guilt offered by the Government at trial. (Pet'r Br. 6.) However, trial counsel did

7

in fact make such a motion, which this Court denied. (Jan. 26, 2009 Tr. 62.) And in denying that motion, this Court explicitly ruled that there was sufficient evidence to support Petitioner's conviction for the conspiracy charged in the indictment. (*Id.*) Again, Petitioner has not demonstrated how counsel's performance was deficient, much less how that deficiency prejudiced him.

### iv. Trial Counsel's Failure to Object to a Deficient Jury Charge

Petitioner also claims that trial counsel failed to request a proper jury charge on the distinction between single and multiple conspiracies. (Pet'r § 2255 Mot. 4.) As an initial matter, the record shows that trial counsel did in fact raise objections to the Court's use of the Model Jury Charge which explains that distinction. (Jan. 26, 2009 Tr. 47) Nor could that alleged failure to object be considered objectively deficient. *United States v. Wilson-Garcia*, Civil No. 10-146, 2012 WL 226032, *4 (W.D. Pa. 2012).

### v. Trial Counsel's Failure to Present Potentially Exculpatory Phone Conversations

Finally, Petitioner claims that trial counsel was ineffective for failing "to present any intercepted telephone conversations that were potentially exculpatory." However, Petitioner has failed to elaborate on the substance of any of these conversations. This bald assertion fails to satisfy either the deficiency or prejudice prong under *Strickland*.

### vi. Ineffective Assistance of Appellate Counsel

In addition, Petitioner asserts that his appellate counsel was deficient because she failed to raise certain issues on appeal. However, on appeal, it is counsel's responsibility to decide which issues to raise, and counsel does not have an obligation to raise every

potentially meritorious claim. *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983). Thus, a choice not to pursue an issue on appeal that the defendant would like to raise is not, on its own, a basis for an ineffective assistance of counsel claim. *Sistrunk v. Vaughn*, 96 F.3d 666, 670 (3d Cir. 1996). Here, the record unequivocally demonstrates that Petitioner's counsel made an informed decision to pursue the single issue on appeal that she felt would give her the greatest chance of success. (Pet'r Br. 11.) And on these facts, Petitioner has failed to demonstrate that he received ineffective assistance of appellate counsel.

In short, none of the arguments raised by Petitioner in Ground (1) support his claim that he received ineffective assistance of counsel in a manner sufficient to entitle him to relief under § 2255.

### B. Petitioner's Other Colorable Claims for Collateral Relief Under § 2255

In addition to his ineffective assistance of counsel claim, Petitioner raises a number of other challenges to his conviction which may at least arguably amount to constitutional violations that are properly considered under § 2255. Namely: in Ground (4), Petitioner claims that the evidence presented at trial only proved the existence of multiple conspiracies, not the single conspiracy charged in the indictment, and thus, that Petitioner's conviction based on this impermissible variance violated his due process rights; in Ground (7), Petitioner alleges that the Government retaliated against him for exercising his right to a fair trial by filing an enhanced penalty information after he refused to accept a plea offer, and further, that the 240-month sentence he received as a result of that enhancement constitutes "cruel and unusual punishment" in violation of the

9

Eighth Amendment (Pet'r. Br. 50); in Ground (8), Petitioner alleges an arguable due process violation based on his assertion that he never had an opportunity to affirm or deny his previous conviction which provided the basis for that sentencing enhancement; and in Ground (5), Petitioner alleges that his constitutional right to be tried in the state where the crimes were committed was violated when he was tried in New Jersey.[4] (*Id*. at 40.)

However, none of these arguments were raised on direct appeal. And thus, unless Petitioner can show: (1) "cause" for not raising these points on direct appeal; and (2) that he suffered "actual prejudice" as a result of that failure, he will now be barred from raising those arguments in support of his § 2255 petition. *United States v. Frady*, 456 U.S. 152, 167-168 (1982); *Murray v. Carrier*, 477 U.S. 478, 490-91 (1986). Under this standard, "cause" is limited to circumstances where some objective factor, external to the defense, impeded defense counsel's to raise these claims. *Carrier*, 477 U.S. at 488. And "prejudice" means "*actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 U.S. at 170 (emphasis in original).

Here, while the arguments presented by Petitioner in these Grounds present at least colorable constitutional arguments, Petitioner fails to allege any objective external factor which explains his failure to raise these arguments on direct appeal, nor does he demonstrate why such failure actually prejudiced him. And because these claims are

---

[4] Assuming that this claim is appropriately raised in a § 2255 motion as a constitutional challenge based on Article III, Section 2's requirement that a criminal trial be "held in the state where the said crimes have been committed," *see United States v. Passodelis*, 615 F.2d 975, 977 (3d Cir. 1980), venue is proper in any district in which a co-conspirator has committed an act in furtherance of the conspiracy. *United States v. Perez*, 280 F.3d 318, 329 (3d Cir. 2002). And here, on at least one occasion, Cintron set up a transaction with Petitioner while in New Jersey, which he mentioned during a phone call. (Jan. 23, 2009 Tr. 4, Crim. Docket, ECF No. 106.)

therefore procedurally barred, they do not provide a basis to grant Petitioner relief under § 2255.  *Frady* at 167-68.

### C. Petitioner's Remaining Grounds

The remainder of Petitioner's challenges to his conviction are not properly considered under the limited grounds enumerated in § 2255.  Specifically:

Ground (2), in which Petitioner claims that there was insufficient evidence presented to support his conviction; Ground (3), in which he argues that certain evidence was improperly admitted at trial; Ground (6), in which Petitioner asserts that the jury charge was deficient; Ground (8), in which he argues that the his prior criminal history should not have been considered in imposing his sentence; and Ground (9), in which Petitioner asserts that the Government's of an FBI agent as a witness was improper. Because none of these Grounds even arguably suggest that Petitioner's "sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack," they do not provide a basis to grant Petitioner relief under § 2255. [5]

### III.  CONCLUSION

In short, Petitioner has failed to demonstrate how his sentence suffers from a fundamental defect causing a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.  Accordingly, and for the foregoing

---

[5] The Court recognizes that a number of these assertions have been addressed in Petitioner's ineffective assistance of counsel claim.  However, to the extent those arguments are raised as independent Grounds for relief under § 2255 outside of that alleged constitutional violation, these grounds fail to fall within one of the four enumerated bases for Petitioner to challenge his conviction under § 2255.

11

reasons, Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 is hereby **DENIED**.  An appropriate order follows.

                                                                       s/William J. Martini
                                          **WILLIAM J. MARTINI, U.S.D.J.**

**Date: April 9, 2013**